UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCY ARMAND WRIGHT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

                                /

File No. 1:07-CV-1187

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Movant Quincy Armand Wright's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

**I.**

Movant was indicted on September 4, 2002, for possessing, with intent to distribute, more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Movant pleaded guilty to the charge on February 6, 2004. (Case No. 1:02-CR-207, Dkt. No. 23.) Based on a pre-sentence report ("PSR") that determined the amount of cocaine base in Movant's possession to be 151.16 grams, Movant was sentenced to 324 months in prison and 5 years supervised release. *United States v. Wright*, No. 1:02-CR-207 (W.D. Mich. May 20, 2004). Movant's conviction and sentence were affirmed on appeal. *United States v. Wright*, 137 F. App'x 802 (6th Cir. 2005).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief on the ground that his attorney furnished ineffective assistance by failing to have the crack cocaine reweighed to ascertain whether the quantity was, in fact, at least 150 grams.

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Movant relies on *Kinnard v. United States*, 313 F.3d 933 (6th Cir. 2002). In *Kinnard* the § 2255 movant argued "that it was ineffective assistance of counsel for his counsel to fail to request a reweighing when the amount was so close" to an offense-level cut-off for sentencing purposes. *Id.* at 935. In response, the Sixth Circuit explained "that when nothing is offered to raise such a 'reasonable dispute' over the weight of the drugs, a district court does not abuse its discretion by refusing to order a reweigh." *Id.* Movant asserts that this case is distinguishable from *Kinnard* because here there is a "'reasonable dispute' over the weight of the drugs." *Id.*

Movant relies on the addendum to the PSR to support the claim that there is a reasonable dispute. The addendum states that the first weighing of the crack cocaine, which included "a knotted sandwich-type bag," yielded a weight of 151.5 grams, while the second weighing, which took place at the Michigan State Police laboratory, resulted in a weight of 151.16 grams. (Case No. 1:02-CR-207, Dkt. No. 41, PSR Addendum at 1-2.) Movant concludes from this information that either the sandwich bag was included in both weighings or the disparity between the two weighings meant that the bag only weighed .34 grams. Movant asserts that the second scenario is much less plausible than the first and that this strongly suggests that the weight of the sandwich bag was included in both weighings of the crack cocaine. Therefore, Movant believes that another definitive weighing could have resulted in a total weight less than 150 grams, lowering the base offense level from 34 to 32. (Dkt. No. 1.)

4

The Court finds that counsel's representation did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Movant's counsel raised this same argument in an objection to the PSR, dated April 12, 2004. (Case No. 1:02-CR-207, Dkt. No. 41, PSR, Attach. at 1-2.) The Probation Officer addressed the argument in the addendum to the PSR, which stated that, "unless it is absolutely impossible to weigh a substance without the packaging," the Michigan State Police laboratory "routinely measure[s] the actual weight of the drug itself without the packaging materials." (Case No. 1:02-CR-207, Dkt. No. 41, PSR Addendum at 1-2.) The addendum goes on to state that "if the packaging material was included in the overall weight of the substance, the laboratory analysis report would state such." (*Id.*) The laboratory report did not state that the packaging material was included in the overall weight of the crack cocaine. (Dkt. No. 8, Resp. to § 2255 Mot., Ex. 2.) Satisfied with the evidence presented, Movant's counsel withdrew this argument at the first sentencing on May 20, 2004. (Case No.1:02-CR-207, Dkt. No. 37, Sent. Tr. at 4-5.)

While Movant does not impugn the Probation Officer's effort, he argues that his counsel should have had the crack cocaine reweighed independently to be certain of its actual weight. However, Movant's counsel initially objected as to the weighing process and only withdrew the objection upon the Probation Officer's answer. Counsel's satisfaction with the Probation Officer's answer was reasonable considering that the answer clearly demonstrated that the weight of the plastic bag was not included in the laboratory weighing and that reweighing the crack cocaine would not produce a different result. In light of these facts, the

5

Court does not believe that Movant's counsel acted unreasonably in failing to have the drugs reweighed.

Even if the Court did find that Movant's counsel rendered deficient performance, the Court does not find that there is a "reasonable probability" that counsel's errors affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 691-96 (1984). In addition to the aforementioned evidence that the crack cocaine was weighed without the plastic bag, the government has introduced further evidence. The government contacted forensic scientist Jeffrey L. Rosenthal, the scientist who conducted the laboratory testing in dispute. Mr. Rosenthal provided a letter, dated March 4, 2008, stating "[t]his net weight was the weight of the material only and did not include any packaging material or plastic bags." (Dkt. No. 8, Resp. to § 2255 Mot., Ex. 1.)

Mr. Rosenthal's statement and the Probation Officer's statements in the addendum to the PSR indicate a very high likelihood that the plastic bag was not included in the weighing of the crack cocaine. There is also evidence that the different scales used caused the disparity in weights Movant cites as evidence of his contention. The crack cocaine was first weighed in the plastic bag on a non-certified scale, which has been "known to be inaccurate," while the crack cocaine alone was subsequently weighed on a Michigan State Police laboratory scale. (Case No. 1:02-CR-207, Dkt. No. 41, PSR Addendum at 1-2.) Because it is unlikely that a reweighing of the crack cocaine would have produced a different weight, Movant fails to demonstrate "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 691-96.

Movant's second and third contentions are included in a pro se motion to supplement his § 2255 motion. (Dkt. No. 4.) He contends both that his counsel should have requested a reweighing because there are variables that decrease quantity, such as "water weight," "evaporation," "or particular atmospheric conditions" and that his counsel failed to investigate in that he "failed to review the police and lab reports." (*Id.*) Movant's pro se motion to supplement has already been rejected by this Court because "Defendant is represented by counsel; therefore, all submissions should be made through counsel." (Dkt. No. 5 (citing *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)).)

However, even if Movant was to properly submit his motion to supplement through his attorney, these contentions would still be found meritless. *Kinnard* states that "[t]he proper weight for determining sentence is the weight at the time of the offense, not some later weight." *Kinnard v. United States*, 313 F.3d 933, 936 (6th Cir. 2002) (citing *United States v. Tucker*, 20 F.3d 242, 244 (7th Cir. 1994)). As for the failure to investigate contention, defense counsel must have had the police and lab reports because he specified the date of the lab report and the quantity determined and quoted from the police report in his objection letter to the PSR, dated April 12, 2004. (Case No. 1:02-CR-207, Dkt. No. 41, PSR, Attach. at 1-2.)

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not believe that reasonable jurists would find its assessment of Movant's ineffective assistance of counsel claim debatable or wrong.

An order and judgment consistent with this opinion shall be entered.


Dated: May 18, 2010                                   /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE